IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

YULANDA A. DAVIS                                                                    PLAINTIFF

v.                              CIVIL NO. 04-6116

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Yulanda A. Davis brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The application for SSI presently before this court was filed on August 24, 1998, alleging an inability to work due to obesity, borderline intellectual functioning, pain in her knees, leg, foot and back and headaches. (Tr. 81-83). An administrative hearing was held on February 15, 2000. (Tr.35-66). In a written decision dated May 23, 2000, the ALJ determined plaintiff retained the residual functional capacity (RFC) to perform heavy, unskilled work. (Tr. 14-23). The Appeals Council declined review of the ALJ's decision on August 2, 2001. (Tr. 5-7).

Plaintiff appealed this decision in federal district court. In a decision dated January 10, 2003, this court remanded plaintiff's case back to the Commissioner. (Tr. 229-238). The Appeals Council vacated the ALJ's decision and remanded plaintiff's case back to the ALJ. (Tr. 227-228).

1

A supplemental hearing was held on November 5, 2003. (Tr. 241-267). Plaintiff was present and represented by counsel.

By written decision dated February 19, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 219). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 219). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform medium work. (Tr. 220). The ALJ further found plaintiff could perform work where interpersonal contact was incidental to the work performed, the complexity of tasks was learned and performed by rote, involved few variables and required little independent judgment and supervision was simple, direct and concrete. (Tr. 220). The ALJ, with the use of vocational expert (VE) testimony, found plaintiff is able to perform other work as a hand packer, a packaging machine operator, an assembler and a waiter.

Plaintiff appealed the decision of the ALJ to the Appeals Council. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner.[1] Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 8,9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

---

[1]The Appeals Council's letter denying review is not part of the record presently before the court.

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to question the VE concerning plaintiff's borderline intellectual functioning. The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a VE. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). In the present case, the ALJ concluded that plaintiff suffered from borderline intellectual functioning. (Tr. 213). However, in his hypothetical question to the VE, he merely stated that plaintiff could perform work that involves only incidental interpersonal contact, tasks learned and performed by a role with few variables, little judgment and simple, direct, concrete supervision. (Tr. 264). He failed to include plaintiff's borderline intellectual functioning in this hypothetical. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997) (holding that borderline intellectual functioning indicates a significant nonexertional impairment that needs to be considered by a VE); *see also Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir.1998)("If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability."). As such, we believe that remand is necessary to allow the ALJ to re-examine plaintiff's mental impairment and question the VE accordingly.

AO72A
(Rev. 8/82)

On remand, we further suggest that the ALJ obtain a RFC assessment from a treating and/or examining doctor. While Dr. George J. Fotioo, a consultative examiner, did opine plaintiff's movements were within normal limits he noted plaintiff's flexion range of motion was limited by her large extremities and abdomen and that she was unable to squat and arise from a squatting position. (Tr. 151-152). We note, in order to be found able to perform a full range of medium work, plaintiff must be able to stoop and crouch frequently. *See* SSR 83-14, 1983 WL 31254, *4 (medium work requires the ability to stoop frequently).

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)